JUSTICE RICE
specially concurring.
¶41 I concur in the decision of the Court to affirm, but under a different rationale.
¶42 There was no Doyle error here for two reasons. First, as the Court concludes, “there simply was no clear comment on or infringement of Godfrey’s fundamental right to remain silent.” See ¶ 40. Without an improper comment on Godfrey’s silence, it is unnecessary to determine whether the State induced the silence under Doyle and Finley.
¶43 Secondly, the prosecution’s comments were, in any event, appropriately made in response to Godfrey’s assertion, as part of his innocence defense, that he had cooperated with police from the beginning, a theme offered during defense counsel’s cross-examination of Officer Potter, during Godfrey’s direct testimony and during defense counsel’s closing argument. We said in Finley, “[the defendant] voluntarily chose to take the stand, and as such, his credibility was subject to impeachment just like any other witness.” Finley, 276 Mont. at 141, 915 P.2d at 218. Here, Godfrey took the stand and the credibility of his assertion that he cooperated with police was properly subject to challenge, including his failure to share his trial story with police during the course of his “cooperation” with them.
CHIEF JUSTICE GRAY and DISTRICT JUDGE MCLEAN, sitting in place of JUSTICE WARNER, join in the concurring opinion of JUSTICE RICE.